United States District Court
Southern District of Texas

**ENTERED**

March 02, 2017

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL COX and | § | |
| PATRICIA CHANCE COX, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-16-2624 |
| | § | |
| BANK OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge, upon referral from the District Judge, is Defendant Bank of America, N.A. ("Defendant" or "BANA")'s Motion to Dismiss (Document No. 4), in which the Defendant seeks dismissal of Plaintiffs' claim for unfair debt-collection practices. Defendant contends that Plaintiffs' claims are barred by res judicata and for failure to state a plausible cause of action against BANA upon which relief can be granted. Having considered the Motion and Memorandum in Support (Document No. 5), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion to Dismiss be GRANTED, and that Plaintiffs' Complaint be dismissed with prejudice.

### I. Allegations in the Original Complaint

Paul Cox and Patricia Chance Cox ("Plaintiffs") filed their Original Complaint in the 215th Judicial District Court of Harris County, Texas Cause 2016-25464 (the "State Court Action"). (Document No. 1-2, Exhibit 1). They allege violation of the Texas Debt Collection Act based on

Defendant purportedly reporting to credit bureaus the foreclosure of the property located at 12710 Water Oak Drive, Missouri City, Texas 77489 (the "Property"). On August 29, 2016, Defendant timely removed the case to this Court on the basis of diversity jurisdiction. (Document No. 1). Thereafter, Defendant filed a Motion to Dismiss, arguing that Plaintiffs' Complaint is barred by the doctrine of res judicata and for failure to state a plausible claim for which relief may be granted. Plaintiffs have not responded to the Motion to Dismiss.

## II. Standard of Review

Because Defendant has filed a Rule 12(b)(6) motion to dismiss, the undersigned Magistrate Judge construes the Petition in favor of the Plaintiffs and has accepted as true all well-pleaded facts. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In addition, plausibility will not be found where the complaint "pleads facts that are merely consistent with a defendant's liability" but "stops short of the line between possibility and plausibility" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)). The Supreme Court has further held that plausibility, not sheer possibility or even conceivability, is required to survive

2

a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 556 U.S. at 678-680. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 556 U.S. at 678. Therefore, a Plaintiff must plead specific facts, not merely conclusory allegations to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). While a court must accept all of a plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The court may consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "[T]he defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins*, 224 F.3d at 499. Also, the court may take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). Attached to Defendant's Motion to Dismiss are: (1) Substitute Trustee's Deed showing that, on December 4, 2012, the Property was sold at a Substitute Trustee's sale, and that Ameriventure LTD acquired title to the Property for $25,200.00 (Exhibit 1); (2) a previously-filed Complaint that Plaintiffs filed against BANA in the 215th District Court of Harris County, Texas on February 8, 2013 (Exhibit 2); and (3) an Order dated December 23, 2013, dismissing with prejudice this Complaint, which Defendant had removed to the United States District Court for the Southern District of Texas, Houston Division, *Cox v. Bank of America*, 4:13cv786 (Exhibit 3). The above-referenced documents have been considered in connection with Defendant's motion.

3

### III. Discussion

#### A. The First Lawsuit

In the first suit, the Plaintiffs alleged causes of action for violations of the Fair Credit Reporting Act.  Plaintiffs claimed that they contracted with Defendant as their Mortgagor for the Property.  They further state that they suffered a fire loss and the insurance company, Liberty Mutual, paid the claim as a total loss in the amount that Defendant demanded as full and final satisfaction of any and all amounts due it.  Plaintiffs claimed that Defendant wrongfully continued to report them "to the credit bureaus as owing the full amount of the Mortgage and continues to send them harassing letters for collection." (Document No. 5, Exhibit 2, ¶ 10-11).  The Plaintiffs claimed that, as a result, they suffered "loss of credit opportunities" and mental distress.  (Document No. 5, ¶ 12, 13).  Defendant timely removed the case to this Court on the basis of diversity jurisdiction.  On December 20, 2013, the parties filed a Joint Motion to Dismiss with prejudice. The Order of Dismissal granting the Joint Motion to Dismiss with prejudice was entered on December 23, 2013. (Document No. 5, Exhibit 3).

#### B. The Current Lawsuit

Three years later, on July 8, 2016, Plaintiffs filed a new action against Defendant.  (Original Complaint, Document No.1), in the 215th District Court of Harris County, Texas.  Plaintiffs state they were the victims of a fire at the Property.  (Original Complaint, ¶ 13).  Plaintiffs further state that, due to the fire, they "paid the note of their property to the best of their ability" but Defendant foreclosed on the Property.  Plaintiffs further state that Defendant "received full payoff in 2012 on their lien and have refused to remove the foreclosure from the Plaintiff's credit record." (Original

4

Complaint, ¶ 14).  Plaintiffs allege a claim under the Texas Debt Collection Act ("TDCA").

(Original Complaint, ¶ 15-17). In particular, Plaintiffs claim:

> 15.  Plaintiffs have attempted to purchase investment properties and have excellent credit scores of 772 and 762 respectively but have been denied the opportunity on at least 12 occasions to obtain financing to purchase investment properties.  The only reason that they were given on multiple occasions for the refusal to finance their investment purchases by finance companies was the foreclosure on their credit report. If they had been allowed the opportunity on these occasions, they would have profited by at least $200,000.00.

> 16.  Defendants have violated the Texas Debt Collection Act when they allowed a foreclosure to remain on the Plaintiffs credit record when the Defendants were paid off in full and Defendants knew that the debt was being contested with the insurance company.

> 17.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Patricia Chance Cox, was caused to suffer financial losses, and to incur the following damages:

> > 1.  loss of investment opportunities

> > 2.  loss of good credit reputation.

(Original Complaint, ¶ 15-17).

### C. Res Judicata

Defendant argues that Plaintiffs' current claims are barred by res judicata. Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educat'l Servs. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 547 U.S. 1055 (2006).  A claim is barred by res judicata when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*

5

In determining whether "the same claim or cause of action was involved in both actions," the court looks to "whether the two actions are based on the 'same nucleus of operative facts.'" *Test Masters*, 428 F.3d at 571. "[I]f the primary right and duty and the delict or wrong are the same in each action, the cause of action is the same." *Hall v. Tower Land & Investment Co.*, 512 F.2d 481, 483 (5th Cir. 1975). In addition, regardless of the actual claims raised in an action, "[r]es judicata extends beyond claims that were actually raised and bars all claims that 'could have been advanced in support of the cause of action on the occasion of its former adjudication . . . " *Maxwell v. U.S. Bank Natl.,* 544 Fed. App'x 470, 472 (5th Cir. Oct. 30, 2015)(quoting *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)).

Applying controlling law to the facts of this case, it is clear that Plaintiffs' claims are barred by res judicata. The parties in both actions are identical. The Court in the prior lawsuit was a court of competent jurisdiction and the Order of Dismissal entered by Judge Miller was a final disposition of Plaintiffs' claims. Even though the claims are based on two separate statutes – one federal and one state - the underlying purpose of both suits is the same - to recover for damage to their credit ratings. In both actions, Plaintiffs identify the same Property, the same fire, and a dispute over Defendant's reporting the foreclosure to credit agencies. Thus, the current claims are barred by res judicata because they could have been raised in the prior lawsuit. *See FalSamuel v. Fed. Home Loan Mortg. Corp.*, 434 S.W.3d 230, 234(Tex. App. Houston April 17, 2014) (under the transactional approach to res judicata, "we examine the factual bases, not the legal theories, presented in the cases); *Maxwell*, 544 F. App'x at 472 ("Res judicata extends beyond claims that were actually raised and bars all claims that 'could have been advanced in support of the cause of action on the occasion of its former adjudication'") (quoting *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)); *Jackson v.*

6

*Deutsche Bank Trust Co.*, 583 F.App'x 417, 419 (5th Cir. 2014) ("*Res judicata* 'bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former action as well as those that were actually tried.'") (quoting *Hogue v. Royse City, Texas*, 939 F.2d 1249, 1252 (5th Cir.1991)).

As each of the required elements for the application of res judicata exists on this record, and as Plaintiffs have not disputed any of the required elements, Defendant is entitled to dismissal of the Plaintiffs' claims.

### D. Alternative Argument

Even assuming that the Plaintiffs' claims are not barred by res judicata, Defendant argues that the claims should be dismissed because the Fair Credit Reporting Act ("FCRA") preempts all state laws in this area. The Magistrate Judge agrees.

The FCRA, 15 U.S.C. § 1681, *et. seq.* states in pertinent part:  "[N]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). Section 1681s-2 prohibits reporting "any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A).  "[A] state law claim based on defendant's conduct in furnishing inaccurate information to a consumer reporting agency is preempted by FRCA." *Davidson v. JP Morgan Chase, N.A.*, No. 4:13-cv-3698, 2014 WL 4924128 (S.D.Tex. Sept. 29, 2014) (quoting *Davis v. Wells Fargo Bank, N.A.,* 976 F.Supp.2d 870, 882-83 (S.D.Tex. 2012) (citing *Ayers v. Aurora Loan Servs., LLC*, 787 F.Supp.2d 451, 457 (E.D.Tex. 2011)("The FRCA includes a strong preemption clause that

states, "[N]o requirement or prohibition may be imposed under that laws of any State ... with respect to any subject matter regulated under ... section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies.' 15 U.S.C. § 1681t(b)(1)(F).") and citing other Fifth-Circuit cases reaching the same conclusion, *Shaunfield v. Experian Infor. Solutions, Inc.*, 991 F.Supp.2d 786, 800-802 (N.D.Tex. 2014); *Pachecano v. J.P.Morgan Chase Bank Nat. Ass'n*, No. SA-11-CV-805-DAE, 2013 WL 4520530, at *4-6 (W.D.Tex. Aug. 26, 2013), *appeal dismissed*, No. 13-50883 (5th Cir. Jan. 13, 2014)).  Thus Plaintiffs' TDCA claim also fails as a matter of law because it is preempted.

### E. Amendment

Under Fed.R.Civ.P. 15(a)(2), leave to amend a complaint should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies... unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, Plaintiffs did not respond to the instant motion.  The docket sheet reveals that Plaintiffs did not attend the January 19, 2017, scheduling conference.  This is Plaintiffs' second attempt to litigate claims based upon the same allegations against Defendant.  There is no reasonable likelihood that Plaintiffs, if given the opportunity to amend, could state a plausible claim against Defendant.

## IV. Conclusion

Based on the reasons set forth above, the Magistrate Judge RECOMMENDS that Defendant's Motion to Dismiss (Document No. 4) be GRANTED and that Plaintiffs' Original Complaint be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Serv. Auto Assn,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 2d day of March, 2017.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

9