Southern District of Texas
**ENTERED**
May 02, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAUL COX AND PATRICIA CHANCE COX, § § § Plaintiffs, § § vs. § BANK OF AMERICA, N.A., § § Defendant. § | CIVIL ACTION H-16-2624 |

**OPINION AND ORDER OF DISMISSAL**

Pending before the Court in the above referenced cause for unfair debt collection practices under the Texas Debt Collection Act, removed from state court on diversity jurisdiction, are (1) Defendant Bank of America N.A.'s motion to dismiss with prejudice all claims against it under Federal Rules of Civil Procedure 12(b)(6) and 8(a)(instrument #4) based on *res judicata* and failure to state a claim, and (2) United States Magistrate Judge Frances Stacy's Memorandum and Recommendation (#11) that the motion be granted. Plaintiffs have not responded to the motion to dismiss.

**Standard of Review**

**A.  Rule 8(a)**

Federal Rule of Civil Procedure 8(a) states,

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction, and the claim needs no new jurisdictional support;

-1-

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Under the Rule's requirement of notice pleading, "defendants in all lawsuits must be given notice of specific claims against them." *Anderson v. U.S. Dept. of Housing and Urban Development*, 554 F.3d 525, 528 (5th Cir. 2008). While a plaintiff need not plead specific facts, the complaint must provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint lacks facts necessary to put defendant on notice as what conduct supports the plaintiff's claims, the complaint is inadequate to meet the notice pleading standard. *Anderson*, 554 at 528. The complaint must not only name the laws which the defendant has allegedly violated, but also allege facts about the conduct that violated those laws. *Id.*

**B. Rule 12(b)(6)**

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). The plaintiff's legal conclusions are not entitled to the same assumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("The tenet

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."), *citing Bell Atlantic Corp. v. Twombly*, 556 U.S. 662, 678 (2007); *Hinojosa v. U.S. Bureau of Prisons*, 506 Fed. Appx. 280, 283 (5th Cir. Jan. 7, 2012).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face."  *St. Germain v.*

*Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *quoting In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

Dismissal under Rule 12(b)(6) is proper not only where the plaintiff fails to plead sufficient facts to support a cognizable legal theory, but also where the plaintiff fails to allege a cognizable legal theory. *Kjellvander v. Citicorp*, 156 F.R.D. 138, 140 (S.D. Tex. 1994), *citing Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 591, 594 (5th Cir. 1991). "A complaint lacks an 'arguable basis in law' if it is based on an indisputably meritless legal theory' or a violation of a legal interest that does not exist." *Ross v. State of Texas*, Civ. A. No. H-10-2008, 2011 WL 5978029, at *8 (S.D. Tex. Nov. 29, 2011).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

"'[D]ocuments that a defendant attaches to its motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th

Cir. 2000), *quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). By such attachments the defendant simply provides additional notice of the basis of the suit to the plaintiff and aids the Court in determining whether a claim has been stated. *Id.* at 499. The attachments may also provide the context from which any quotation or reference in the motion is drawn to aid the court in correctly construing that quotation or reference. *In re Enron Corp. Securities, Derivative & "ERISA" Litig.*, No. H-04-0087, 2005 WL 3504860, at 11 n.20 (S.D. Tex. Dec. 22, 2005). "Where the allegations in the complaint are contradicted by facts established by documents attached as exhibits to the complaint, the court may properly disregard the allegations." *Martinez v. Reno*, No. 3:97-CV-0813-P, 1997 WL 786250, at *2 (N.D. Tex. Dec. 15, 1997), *citing Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). When conclusory allegations and unwarranted deductions of fact are contradicted by facts disclosed in the appended exhibit, which is treated as part of the complaint, the allegations are not admitted as true. *Carter v. Target Corp.*, 541 Fed. Appx. 413, 417 (5th Cir. Oct. 4, 2013), *citing Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974), *citing Ward v. Hudnell*, 366 F.2d 247 (5th Cir. 1966). *See Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, (7th Cir. 1996)("It is a well settled rule that when a written instrument contradicts

allegations in the complaint to which it is attached, the exhibit trumps the allegations."); *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)(when attached documents contain statements that contradict the allegations in the complaint, the documents control and the court need not accept as true the allegations contained in the complaint.").

**Applicable Law**

"'Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009), *quoting Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine "'insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits.'" *Id., quoting United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994). To demonstrate that *res judicata* bars a later suit, a party must satisfy four conditions: (1) the parties are identical [or in privity] in the two actions; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same claim or cause of action must be involved in both suits. *Id., citing In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007); *Matter of Swate*, 99 F.3d 1282, 1286 (5th Cir. 1996). Usually the Court determines if two suits involve the same claim or cause of action by applying the transactional test of

the *Restatement (Second) of Judgments* § 24. *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). That test focuses upon whether the two cases under review are based on "the same nucleus of operative facts." *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999). Thus it is the operative facts, not the type of relief sought or substantive theories advanced or type of rights asserted, that defines the claim. for purposes of res judicata. *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007). The two actions share the same nucleus of operative facts, "the prior judgment's preclusive effect "'extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original action arose.'" *Id., citing Petro-Hunt*, 365 F.3d at 395, *citing Restatement (Second) of Judgments* § 24(1). The doctrine "'insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits.'" *Id., quoting United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).

  While the broader "doctrine of *res judicata* forecloses all that might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit." *In re Shuler*, 722 F.2d 1253, 1255 (5th Cir. 1984), *quoting Brown v. Felsen*, 442 U.S. 127, 139 n.10 (1979). The Fifth Circuit has dubbed *res judicata* as "claim preclusion" and collateral estoppel as "issue preclusion." *White v. World Finance*

*of Meridian, Inc.*, 653 F.2d 147, 150, 151 (5th Cir. 1981). Nevertheless the Fifth Circuit recognizes the modern trend to refer to both doctrines as "*res judicata.*" *In re Vollbracht*, 276 Fed. Appx. 360, 363 (5th Cir. 2007). The Fifth Circuit usually uses "'collateral estoppel'" when '(i) the issue to be precluded [is] identical to that involved in the prior action, (ii) in the prior action the issue [was] actually litigated, and (iii) the determination made of the issue in the prior action [was] necessary to the resulting judgment.'" *Id. quoting Shuker*, 722 F.2d at 1256 n.2.

Here Bank of America has attached to its motion to dismiss the following public records: (1) Substitute Trustee's Deed showing that the property located at 12710 Water Oak Drive, Missouri City, Texas 77489 (the "Property") was sold on December 4, 2012 at a Substitute Trustee's sale and that Ameriventure Ltd. acquired the title to the Property for $25,200.00 (#11, Ex. 1); (2) Plaintiffs' previously filed Complaint against Bank of America in the 215th District Court of Harris County, Texas on February 8, 2013 (Ex. 2); and (3) after removal to federal court, an Order by the Honorable Grey Miller dated December 23, 2013, H-13-786 (Ex. 3), dismissing with prejudice the complaint, *supra*, which Defendant had removed to this Court.

### Defendant's Motion and Memorandum of Law (#4 and 5)

Plaintiffs owned the Property at issue when it was damaged by

fire.  Although they tried to keep up with their payments, it was foreclosed and sold to a third party, as reflected in the documents listed above.  Plaintiffs allege that Defendant received a complete payoff of the Loan in 2012, impliedly through a hazard insurance claim, before the foreclosure, but that Defendant "refused to remove the foreclosure from Plaintiff's credit report."  Complaint at ¶¶ 13, 14, 16.  As reflected in Exhibit 2 (Orig. Pet., *Cox v. Bank of America*, 4:13-cv-786, S.D. Tex.), Plaintiffs filed a suit identical to the instant action against Defendant in 2013 ("Prior Action"), naming the same property, the same fire, and a dispute over Defendant's credit reporting as a result of the payment of the insurance claim.  The sole difference between the two is that the Prior Action was filed under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.,* and the instant suit asserts a claim under the  Texas Debt Collection Act, Texas Finance Code § 392.301 (Vernon 1997).  Defendant contends that this action is barred by the doctrines of *res judicata* and collateral estoppel and should be dismissed with prejudice.

United States Magistrate Frances Stacy examined the complaint and the documents attached to the memorandum in support of the motion dismissed, applied the relevant tests, concluded that the claims in the instant suit are barred by res judicata.  The Court in the Prior Suit was a court of competent jurisdiction, the parties are identical, and Judge Miller dismissed it with

prejudice. Both suits' Plaintiffs sought to recover for damage to their credit ratings. As the Fifth Circuit opined in *Maxwell v. U.S. Bank Nat. Ass'n*, 544 Fed. Appx. 470, 472 (5th Cir. Oct. 30, 2013),

> To determine whether two cases involve the same cause of action, we engage in an analysis under the transactional test. *In re Paige*, 610 F.3d 865, 872 (5th Cir. 2020). The transactional test extends the prior judgment's preclusive effect to all potential claims of the plaintiff concerning "any part of the transaction, or series of connected transactions," out of which the original action arose." *Id.* A subsequent claim is thus barred if it arises out of the "same nucleus of operative facts." *Id.* Res judicata extends beyond claims that were actually raised and bars all claims that "could have been advanced in support of the cause of action on the occasion of its former adjudication . . . ." *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990).

Alternatively, the Magistrate Judge agreed with Bank of America that the claims should also be dismissed because the Fair Credit Report preempts all state laws in the area. *Davidson v. JPMorgan Chase, N.A.*, No. 4:13cv3698, 2014 WL 4924128, at *16 (S.D. Tex. Sept. 29, 2014)("[A] state law claim based on defendant's conduct in furnishing inaccurate information to a consumer reporting agency is preempted by the FCRA."); *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011). *See also* 15 U.S.C. § 1681t(b)(1)(F)("[N]o requirement or prohibition under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."); 15 U.S.C. § 1681s-2(a)(1)(A)(prohibits "any

information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.").

**Court's Decision**

Because the two suits are based on the "same nucleus of operative facts" (same Property, same fire, same dispute over Defendant's report to the credit agencies), even though one is based on a federal statute and the other on a Texas statute, the Court agrees with the Magistrate that the instant action is barred by *res judicata*.

The Court does not agree about the applicability of preemption in these circumstances. While it is true that the federal statue would preempt the state statute if filed in the same suit, the federal statute was not asserted in the current action.

Accordingly the Court ORDERS

that Bank of America's motion to dismiss is GRANTED on *res judicata* grounds.

A final judgment shall issue by separate document.

SIGNED at Houston, Texas, this  2nd  day of  May , 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE